UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

LENA YOUNG                                    :
                                              :
    Plaintiff                                 :
v.                                            :   Case No.
                                              :   Jury Trial Demanded
AMERICOLLECT INC.

    Defendant(s).
_____/

**COMPLAINT**

Plaintiff, Lena Young, by and through her attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

**Nature of Action**

1. Plaintiff brings this action against the Defendant debt collector, seeking damages and equitable relief, to redress the Defendant's systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Defendant's informed and negligent violation of the bankruptcy discharge injunction pursuant to 11 U.S.C. 524, violations of the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*, and the Michigan Occupational Code, M.C.L. § 339.901 ("MOC").

**Parties**

2. Plaintiff Lena Young ("Plaintiff") is a citizen of Michigan residing in Grand Rapids, Michigan.

3. Defendant Americollect Inc. ("Defendant") is a Wisconsin-based Foreign Profit Corporation whose registered agent is Incorp Services, Inc. and whose registered

1

office is located at 2285 South Michigan Road in Eaton Rapids, Michigan 48827.  The Defendant uses interstate commerce and the mails in a business whose principal purpose is the collection of debt.  The Defendant regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.  The Defendant is a "debt collector" as the term is defined and used in the FDCPA.  The Defendant is a "regulated person" as the term is defined and used in the MCPA.

4.  During all times pertinent hereto, the Defendant and/or their representatives directly and indirectly participated in efforts to collect alleged debts from the Plaintiff and presumably others as stated below in this complaint.

5.  The Defendant represents a collection agency operating as a "Debt Collector as that term is defined by 15 U.S.C. 1692a(6).

## Jurisdiction and Venue

6.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction regarding the Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this jurisdiction is proper because the Defendant transacts business here, the pertinent events took place here, and the Plaintiff resides here.

## Factual Background

7.  On November 6, 2015, the Plaintiff filed a Chapter 7 bankruptcy case in the Western District of Michigan, case number 15-06097-jwb (*see Exhibit A*).  At the time of the Plaintiff's bankruptcy filing, collector Americollect Inc.. was included on the Plaintiff's filed Schedule F- Creditors Holding Unsecured Nonpriority Claims and was

2

listed on the Plaintiff's corresponding creditor matrix (*see Exhibit B*). As a result, the creditor received actual notice of the Plaintiff's bankruptcy filing by mail around that time. Indeed, the creditor whom Americollect Inc. was collecting on behalf of (Grand Rapids Opthalmology PC) was specifically delineated on the Plaintiff's filed schedules.

8. The Plaintiff's Chapter 7 bankruptcy case was ultimately discharged on April 8, 2016 (*see Exhibit C*). A notice of the Plaintiff's bankruptcy discharge was subsequently mailed to all of the Plaintiff's creditors who had been included on the Plaintiff's filed creditor matrix, specifically including the Defendant.

9. The debt purportedly owed by the Plaintiff and was related to personal, family or household purposes and is therefore representative of "consumer debt" as that term is defined by 15 U.S.C 1692a(5).

10. Despite the notice of the Plaintiff's discharge having been forwarded to the Defendant, on June 8, 2016, a post-discharge collection letter was forwarded by the Defendant to the Plaintiff which represented that the amount discharged was in fact presently due and owing to the Defendant (*see Exhibit D*). The Defendant thereafter contacted the Plaintiff on several occasions, culminating with phone calls to the Plaintiff in October, 2016, with the Defendant each time suggesting the full, discharged balance nevertheless remained due and owing to the Defendant by the Plaintiff.

11. The Fair Debt Collection Practices Act ("FDCPA") is a consumer protection statute that "imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587. 130 S.Ct. 1605, 1615 (2010).

12. The Fair Debt Collection Practices Act states that without the prior consent of

3

the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.  15 U.S.C. § 1692c(a)(2).

13. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

14. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt.  15 U.S.C. §1692e(2)(A).

15. The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false.  15 U.S.C. § 1692e(8).

16. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

17. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt

or permitted by law.  15 U.S.C. § 1692f(1).

18. The Defendant violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8), and (10), and 1692f(1).  See, e.g., *Watkins v. Peterson Enterprises, Inc.*, 57 F.Supp.2d 1102 (E.D. Wash. 1999).

19. The FDCPA is a strict liability statute and thus proof of <u>one</u> violation thereof is sufficient to support a finding of summary judgment in favor of a Plaintiff.  *Cacace v Lucas,* 775 F. Supp. 502, 505 (D. Conn. 1991).  Moreover, a plaintiff in such instances does not need to prove knowledge or intent.  *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).  The Plaintiff also does not have to have suffered actual damages.  *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 437 (6th Cir. 2008).

20. The described acts and omissions of the Defendant were done in connection with efforts to collect an alleged debt from the Plaintiff, such having been done intentionally and willfully.

21. The Defendant intentionally and willfully violated the FDCPA

22. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered a substantial and unjustifiable financial loss.

23. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has sustained consequential damages, including attorney fees and legal expenses.

## Conclusions of Law

24. Pursuant to 11 U.S.C. §524(a)(1), a discharge in a bankruptcy case under title both "voids any judgment at any time obtained, to the extent that such judgment is a

determination of the personal liability of the debtor with respect to any debt discharged." In addition, pursuant to 11 U.S.C. 524(a)(2), such a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor." Subsection (a)(3) specifically holds that a discharge operates as an injunction against the commencement or continuation of an action…to collect, or recover from, or offset any such debt as a personal liability of the debtor.

25. According to the Sixth Circuit in *In re Madaj*, 149 F. 3d 467 (1998), even an unscheduled debt, which is a debt that was not expressly listed in the debtor's bankruptcy case, is still dischargeable in a "no-asset" case.

26. This Circuit has previously held that the omission of the bona-fide error defense in this state but otherwise available as an affirmative defense in other jurisdictions, thereby allowing debt collectors to show that their violation was unintentional, signifies Michigan's specific intent to avoid absolving debt collectors of liability, even for unintentional mistakes. *Gamby v. Equifax Information Services, LLC*, 2010 U.S. Dist. Lexis 1157, 1165 (E.D. Mich. Jan. 7, 2010).

27. Moreover, even under the FDCPA, outside of the relatively narrow bona-fide error exception, even a good-faith error can still give rise to liability. More specifically, prior cases have held that a creditor violated § 1692e by improperly seeking payment of a debt already discharged in bankruptcy. *Turner v. J.V.D.B. & Assocs., Inc.,* 330 F. 3d 991, 995 (7th Cir. 2003). As a result, the plain language of the MCPA and cases interpreting the FDCPA show unequivocally that it is immaterial whether a party such as the Defendant knew its statements were false or misleading at the time they seek repayment

on a debt discharged as a part of a prior bankruptcy filing.

### COUNT I- VIOLATION OF 15 U.S.C. 1692e set eq.

28. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

29. This jurisdiction is reliant upon the "least sophisticated debtor" standard to determine whether a communication might effectively deceive an unsophisticated consumer under 15 U.S.C. 1692. *Smith v Computer Credit*, 167 F.3d 1052 (6th Cir. 1999). More specifically, "the fact that a false statement may be obviously false to those who are trained and experience does not change its character, nor take away its power to deceive others less experienced." *Federal Trade Commission v Standard Education Society*, 302 U.S. 112, 116, 50 S.Ct. 113, 115, 82 L.Ed. 141 (1937). It seems sensible to suggest that a collection attempt such as the one in this instance which is crafted to suggest that an amount discharged as part of the Plaintiff's prior bankruptcy filing nevertheless remains due and owing would certainly possess the potential to confuse a less sophisticated Debtor such as the Plaintiff in this instance, which it did.

30. For a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). Obviously, the collection letter forwarded to the Plaintiff by the Defendant possessed one singular, animating purpose- to induce payment by the Plaintiff.

31. The Defendant violated the above-referenced subsections of 15 U.S.C. § 1692e by falsely representing the character, amount, or legal status of the Plaintiff's Debt, specifically by attempting to collect a debt that was to be discharged at the conclusion of

the Plaintiff's case, mischaracterizing that debt as presently due and owing following the filing of the Plaintiff's bankruptcy case when such was a mistruth and not properly or clearly conveyed to the Plaintiff. By communicating false and deceptive information to the Plaintiff and his counsel,, the Defendant clearly operated in contravention of the referenced statute.

32. Generally, the FDCPA permits recovery of actual damages for emotional distress. More specifically, pursuant to 15 U.S.C. § 169k(a)(1), "any debt collector who fails to comply with the FDCPA with respect to any person is liable to such a person in an amount to the sum of…any actual damages sustained by such person as a result of such failure. Commentary to the FDCPA goes on to state that such actual damages for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress," as well as "out-of-pocket" expenses." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13 1988). See also *Beeker v. Montgomery, Lynch*, 2003 WL 23335929 at 2 (N.D. Ohio) (FDCPA permits recovery of actual damages for emotional distress).

33. Districts within the Sixth Circuit including the Northern District of Ohio have concluded that the FDCPA does not require a plaintiff to satisfy the state law elements of intentional or negligent infliction of emotional distress to recover actual damages for such under 15 U.S.C. § 1692k(a). *Id* at 2. See also *Minick v. First Federal Credit Control, Inc*. 1981 U.S. Dist. LEXIS 18622, at 3-4 (N.D. Ohio). "Actual damages for emotional distress can be proved independently of state law requirements" for intentional or negligent infliction of emotional distress. *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991). In addition, courts have previously concluded that a

8

Plaintiff may prove actual damages for emotional distress purely through his or her own testimony. *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004).

34. The sustained efforts to collect an amount from the Plaintiff which she was not required to repay caused her humiliation and distress.

35. As an actual and proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

### COUNT II- VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

36. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

37. The Defendant represents a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

38. The Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

39. The Defendant's foregoing acts in attempting to collect the alleged debt at issue violated MCL § 339.915e, which prohibits a Licensee from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt."

40. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 339.915f, which prohibits a Licensee from "misrepresenting in a communication with a debtor any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

9

41. The Defendant violated M.C.L. 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

42. The Defendant's violations of the Michigan Occupational Code were willful given the clear and unmistakable notice they previously received of the Plaintiff's bankruptcy filing and discharge.

43. As an actual and proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, loss of sleep and suffering, not to mention causing counsel for Plaintiff-Debtor unnecessary additional work by having to deal with the situation, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

## COUNT III- VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

44. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

45. The Defendant represents a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

46. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

47. Generally speaking, "the Michigan Collection Practices Act prohibits abusive collection efforts…with respect to obligations arising out of a 'purchase made primarily for personal, family, or household purposes." *Levant v. Am. Honda. Fin. Corp.*, 356 F. Supp. 2d 776, 782 (E.D. Mich. 2005).

48. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 445.252e, which prohibits a Regulated Person from "making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt." The Defendant initiated collection specific to debt owed by the Plaintiff which was discharged as a part of her previously-filed bankruptcy case.

49. The Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252f, which prohibits a Regulated Person from "misrepresenting in a communication with a debt any of the following: (i) the legal status of a legal action being taken or threatened and/or (ii) the legal rights of the creditor or debtor."

50. The Defendant, specifically by way of the communications between its' agents and representatives and the Plaintiff, clearly misrepresented to the Plaintiff her legal rights.

51. Plaintiff has suffered damages as a result of these violations of the Michigan Collection Practices Act.

52. These violations of the MCPA were willful given the clear and unequivocal prior notice of the Plaintiff's bankruptcy filing which had been received by the Defendant.

**COUNT IV- VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. § 524**

53. Plaintiff incorporates by reference the aforementioned allegations as if

11

restated fully herein word for word.

54. Subsection 524(a)(2) provides that a discharge under Title 11 "operates an injunction against the commencement or continuation of an action…or an act to collect, recover, or offset any such debt as a liability of the debtor, whether or not discharge of such debt is waived." The purpose of the permanent injunction is to provide the debtor a financial "fresh start" as contemplated by the Bankruptcy Code. *In re Borowski*, 216 B.R. 922, 924 (Bankr. E.D. MI 1998). Indeed, Congress intended the permanent injunction to give complete effect of the discharge as a total prohibition on debt collection efforts…and…to insure that once a debt is discharged, the debtor will not be pressured *in any way* to repay it." reprinted in 1978 U.S.C.C.A.N. 5787, 5866.

55. Given the foregoing facts, in seeking repayment of the debt at issue by forwarding its' collection letter to the Plaintiff, the Defendant, their agents, and representatives acted in clear contravention of the dictates set forth under 11 U.S.C. 524(a) and acted in a clear, willful manner to prevent the Plaintiff the economic "fresh start" to which she was rightfully entitled.

56. The Defendant otherwise failed to comply with the standards of practice and care and other ethical considerations applicable to it as a general creditor, again acting on their own behalf at all times.

57. The injury suffered by the Plaintiff was the direct and proximate result of the acts and omissions of the Defendant.

58. Pursuant to 11 U.S.C. § 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," which can include providing a remedy for willful violations of the discharge injunction under 11

U.S.C. § 524(a); compensatory damages for such a willful violation, falling within the ambit of the bankruptcy court's civil contempt power, can be awarded as a result.

59. The Defendant acted in a clearly willful manner, attempting collection upon pre-petition debt from the Plaintiff after the original creditor had received clear and explicit notice of the Plaintiff's bankruptcy filing and subsequent discharge.

60. Although § 524 only authorizes injunctive relief, "the modern trend is for courts to award actual damages for violations of 524 based on the inherent contempt power of the court" under 11 U.S.C. 105(a). *In re Hardy*, 97 F.3d 1384, 1389 (11th Circ. 1996).  Moreover, the Court can award punitive damages upon a finding that Respondent "willfully" violated the discharge injunction. *In re Borowski,* 216 B.R. 922, 925 (Bankr. E.D. MI 1998).  Previous courts have held that "a substantial penalty may be appropriate where a Defendant inflicts economic injury against a financially vulnerable target." *Clark v. Chrysler Corp.* 436 F.3d 594, 604 (6th Circ. 2006).  The Defendant in this instance inflicted a clear and definable economic injury upon the Plaintiff, a decidedly vulnerable target when compared to the financial status of the Defendant.

61. Section 105 effectively constitutes an express authority to award punitive damages for contempt to the extent necessary to carry out the relevant sections of the Bankruptcy Code purportedly in violation, in essence creating a statutory contempt power distinct from the court's inherent contempt power.

## CONCLUSION

### COUNTS I & IV: VIOLATIONS OF 11 U.S.C § 524 AND 15. U.S.C § 1692

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages for Plaintiff pursuant to 15 U.S.C. §1692k and M.C.L. § 339.916(2);

(B) Statutory damages for Plaintiff pursuant to 15 U.S.C. §1692k and M.C.L. § 339.916(2);

(C) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and M.C.L. § 339.916(2); and

(D) Such further relief as the court deems just and proper.

### COUNT II & III- VIOLATION OF MICHIGAN OCCUPATIONAL CODE AND MICHIGAN COLLECTION PRACTICES ACT

**WHEREFORE,** based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages pursuant to M.C.L. 339.916(2);

(B) Treble the actual damages pursuant to M.C.L. 339.916(2);

(C) Statutory damages pursuant to M.C.L. 339.916(2); and

(D) Reasonable attorney's fees and court costs pursuant to M.C.L. 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

                                                    Respectfully submitted,

Dated: December 2, 2016                   /s/ Nicholas Reyna
                                                    By: Nicholas Reyna (P68328)
                                                    Attorney for Plaintiff
                                                    528 Bridge St., Ste. 1A
                                                    Grand Rapids, MI 49504
                                                    (616) 235-4444